UNITED STATES of America, Plaintiff—Appellee,

v.

Isioma Patrick CHIGBOLU, Defendant—Appellant.

No. 03–50145.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 20, 2005.*

Decided Oct. 24, 2005.

Fred A. Rowley, Jr., Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Isioma Patrick Chigbolu, Terminal Island, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Before: FRIEDMAN,**
O'SCANNLAIN, and PAEZ, Circuit
Judges.

## MEMORANDUM ***

Isioma Patrick Chigbolu ("Chigbolu") appeals his sentence following his guilty plea to one count of receiving and retaining stolen U.S. treasury checks in violation of 18 U.S.C. § 510(b); using a means of identification of another person in violation of 18 U.S.C. § 1028(a)(7); using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2); possessing 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3); possessing stolen mail in violation of 18 U.S.C. § 1708; and two counts of bank fraud in violation of 18 U.S.C. § 1344. We have jurisdiction under 28 U.S.C. § 1291 and we remand.

The district court enhanced Chigbolu's sentence after finding that there was a loss of approximately $280,065.84, more than one victim and more than minimal planning. On appeal, for the first time, Chigbolu argues that the district court violated his Sixth Amendment rights because he did not consent to judicial factfinding and the enhancements were based on facts that he never admitted and that were never proven to a jury. Accordingly, we review for plain error. *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

Chigbolu's sentence was imposed in the pre-*Booker* mandatory guidelines framework. Although Chigbolu pled guilty to the seven-count indictment, an eight-level sentencing enhancement was based on facts not admitted by Chigbolu at his

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

change of plea hearing, or proven to a jury. As the government acknowledges, defense counsel's stipulation regarding the amount of loss was not an admission because Chigbolu disputed the facts. Moreover, Chigbolu understood that his statement to the district judge that his sentence would be determined under the Sentencing Guidelines did not constitute consent to judicial factfinding. Thus, the enhancements were improper and Chigbolu's sentence violated the Sixth Amendment. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In *Ameline,* we held that "when we are faced with an unpreserved *Booker* error that may have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purposes of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline,* 409 F.3d at 1074. Because this case involves an unpreserved Booker error that directly effects Chigbolu's substantial rights, and it is uncertain whether the court would have "imposed a materially different sentence" were it operating in the post-*Booker* advisory guideline framework, we remand so that the district court may answer that question. *Id.* Accordingly, we remand this case for further proceedings consistent with *Ameline.*

REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See*